# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TIMOTHY HOELLER,**
   **Plaintiff,**

  v.              Case No. 15-C-0181

**SOCIAL SECURITY ADMINISTRATION and**
**BMO HARRIS BANK, N.A.,**
   **Defendants.**

---

## DECISION AND ORDER

  Timothy Hoeller, proceeding pro se, has filed a complaint against the Social Security Administration ("SSA") and BMO Harris Bank, N.A. In recent years, Hoeller has filed four pro se complaints in this court and has named the Social Security Administration as a defendant in three.[1] Hoeller has also filed a large number of lawsuits in other courts, including the Northern District of Illinois and the Wisconsin state courts. See Aff. of David Potteiger, Exs. 1–3. The Northern District of Illinois has gone so far as to enter an order prohibiting Hoeller from filing new lawsuits in that court without first obtaining the permission of the court's executive committee. Id. Ex. 1. I have reviewed some of the filings in Hoeller's prior cases and find indications that Hoeller suffers from bipolar disorder or some other psychiatric disorder. His filing of a large number of frivolous lawsuits seems to be a symptom of his mental illness. See Status Report of Appointed Counsel in N.D. Ill. Case No. 11-C-13315, at ¶¶ 7, 10.

---

[1]In addition to the present case, Hoeller has filed Eastern District of Wisconsin Case Nos. 14-C-0398, 14-C-1430, and 14-C-0253. The Social Security Administration is a defendant in the latter two.

In the present case, the Social Security Administration has not yet appeared. However, BMO Harris Bank has appeared and filed a motion to dismiss the claims against it for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

Hoeller's complaint does not contain a narrative statement of the facts underlying his claims, and he does not clearly identify the claims he is trying to assert against each defendant. Rather, his complaint is written in what can best be described as a "stream of consciousness" style. This makes it difficult to identify any potential claims. However, his clams appear to arise out of a series of events that occurred between about 2008 and 2010. During this time, it seems that plaintiff was having trouble receiving his Social Security benefits. The complaint indicates that the Social Security Administration was at that time attempting to determine whether Hoeller was competent to manage his own benefit payments or whether he need to have a "representative payee" appointed. See Mason v. Sybinski, 280 F.3d 788, 790 (7th Cir. 2002) (explaining that when SSA determines that a recipient is unable to manage his or her own benefits, SSA appoints a representative payee to manage the benefits on the recipient's behalf). The plaintiff attached to his complaint an affidavit filed by the Social Security Administration in another one of his cases. This affidavit states that, in 2010, an administrative law judge determined that Hoeller was incapable of managing his own funds and appointed Hoeller's mother as his representative payee. Compl. Ex. C, ¶12. This situation lasted until September 2014, when SSA determined that Hoeller could once again manage his own funds. Id. ¶ 8.

It seems that prior to the time that SSA appointed a representative payee for Hoeller, he was having difficulty obtaining his benefits. He states that SSA "suspended" his benefits during a 2½ month period, although he does not identify the reason this

2

occurred or clearly allege that the suspension was unlawful. Compl. at p. 8. Hoeller contends that the SSA was "negligent for keeping poor records" in the period just before his benefits were suspended, and he seems to imply that the SSA's poor recordkeeping caused his benefits to be suspended. Id. at 6–7, 8. He also alleges that SSA "misled" him "over the usage of Form SSA-787." Id. at p. 10. The form Hoeller references is one that SSA will ask a physician or other medical professional to complete during its investigation into whether the recipient is competent to manage his or her own benefits. Hoeller does not explain how SSA misled him with respect to the form or explain how that may have harmed him.

During this same time period, it seems that Hoeller stopped making payments on either a primary mortgage for a home he owned in Barrington, Illinois, or a home-equity line of credit that was secured by the Barrington property. In 2009, BMO Harris Bank commenced foreclosure proceedings in Illinois state court and eventually foreclosed on the Barrington property. Hoeller seems to contend that his inability to make payments on his mortgage or home-equity line of credit was tied to his inability to get his Social Security benefits. He alleges that he told BMO Harris Bank to collect his mortgage payments directly from the Social Security Administration, and he seems to contend that the bank was "negligent" in failing to do so. Compl. at pp. 6, 8. Hoeller also alleges that the bank "chang[ed] the terms of the loan," but he does not explain what he means by this. Id. at p. 8. He does not identify any provision of the loan paperwork that the bank might have breached. Finally, Hoeller seems to allege that BMO Harris Bank is improperly reporting the status of his loan to credit reporting agencies, and that the bank is liable under the Fair Credit Reporting Act ("FCRA"). Id. at p. 4.

3

I can identify no potentially viable claim against BMO Harris Bank. I am aware of no law that would have required the bank to collect Hoeller's mortgage payments directly from the Social Security Administration, and thus his allegation that the bank was negligent in failing to talk to the Social Security Administration about his benefits does not state a claim. Plaintiff does not explain what he means when he accuses BMO Harris Bank of changing the terms of his loan, and thus the complaint does not state a claim for breach of contract.[2] Although Hoeller seems to suggest that BMO Harris Bank furnished inaccurate information about the status of his debt to the credit reporting agencies, he has not stated a claim under the FCRA. It is true that the FCRA prohibits furnishers of information, such as BMO Harris Bank, from reporting information to the credit reporting agencies that it knows is inaccurate. See 15 U.S.C. § 1681s-2(a). However, the FCRA contains no private right of action for enforcement of this prohibition. See 15 U.S.C. § 1681s-2(c); Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 615–16 (6th Cir. 2012). Rather, a furnisher may be liable to a consumer only if it receives notice from a credit reporting agency that the consumer disputes the information the furnisher has provided and then fails to conduct a reasonable investigation into whether the information is accurate. 15 U.S.C. § 1681s-2(b); Westra v. Credit Control of Pinellas, 409 F.3d 825, 827 (7th Cir. 2005); Boggio, 696 F.3d at 615–16. I do not believe that Hoeller has alleged that BMO Harris Bank knowingly furnished inaccurate information about the status of his loans to the credit reporting agencies. However, even if he has, he would not be able to bring

---

[2]Plaintiff seems to accuse the bank of fraud and also suggests that it violated an Illinois consumer-fraud statute, but the factual allegations of the complaint do not support such accusations.

a claim under the FCRA, as the FCRA does not allow for such a claim. No allegations of the complaint suggest that a credit reporting agency notified BMO Harris Bank that Hoeller disputes information that the bank had provided and that the bank failed to conduct a reasonable investigation, and thus Hoeller has not stated a claim under the only provision of the FCRA that provides for a private right of action against a furnisher. Accordingly, Hoeller has not stated a claim against BMO Harris Bank, and his complaint will be dismissed insofar as it pertains to the bank.

I next consider whether I should grant Hoeller leave to amend his claims against BMO Harris Bank. The Seventh Circuit advises district courts to consider giving litigants, especially pro se litigants, a chance to amend a dismissed complaint if it appears that the complaint's deficiencies could be cured. See Arnett v. Webster, 658 F.3d 742, 756 (7th Cir. 2011). Here, I think it is highly unlikely that Hoeller could cure the deficiencies in his claims against the bank. In fact, the current complaint is already the plaintiff's second try at stating a claim against the bank. One of the cases he filed in the Northern District of Illinois was against BMO Harris Bank and involved the bank's conduct in foreclosing on his property in Barrington. See N.D. Ill. Case No. 11-C-3315, ECF No. 1. The court dismissed that complaint without prejudice for failure to state a claim. See id., ECF No. 6. After dismissing the complaint, the court granted Hoeller leave to amend and appointed counsel to assist him. However, Hoeller did not cooperate with his appointed counsel, and his counsel was unable to draft a viable complaint. Id., ECF No. 9. Eventually, appointed counsel requested and was granted leave to withdraw. Id., ECF No. 9–10.

Given this history, I conclude that it is time to dismiss Hoeller's claims against BMO Harris Bank with prejudice. Hoeller has filed two pro se complaints against the bank, and

both have been dismissed for failure to state a claim. Even with the assistance of counsel, Hoeller could not file a viable complaint. This court has expended substantial resources in reviewing and attempting to understand Hoeller's current complaint, and I am sure that the Northern District of Illinois and Hoeller's appointed counsel expended substantial resources in attempting to understand the claims that were pending there. Granting Hoeller yet another opportunity to amend would be futile and would impose an undue burden on both the defendant and the court. Accordingly, the claims against BMO Harris Bank will be dismissed with prejudice.

This leaves Hoeller's claims against the Social Security Administration. As noted, that agency has yet to make an appearance in this suit. However, Hoeller has filed a motion to proceed in forma pauperis, and the statute that allows courts to grant litigants leave to proceed in forma pauperis states that a court must dismiss a case if it determines that the plaintiff has failed to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Here, I conclude that Hoeller has failed to state a claim against the Social Security Administration, and therefore § 1915(e)(2)(B)(ii) requires that I dismiss the complaint without waiting for a response from the agency. Although Hoeller seems to think that the SSA's recordkeeping practices were poor and that he was somehow misled by the agency with respect to Form SSA-787, I am unable to identify any federal law that would give him a cause of action against the SSA under the facts alleged in the complaint. Thus, his claims against the SSA will be dismissed. However, the dismissal will be without prejudice. This is because Hoeller has a separate case pending against the SSA that may involve some of the issues he has attempted to raise in this case, see E.D. Wis. Case No.

14-C-1430, and I do not want to enter a judgment that might have a preclusive effect on the other case.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that BMO Harris Bank's motion to dismiss is **GRANTED**. Plaintiff's claims against the bank are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against the Social Security Administration are dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2015.

                                  s/ Lynn Adelman
                                  _____
                                  LYNN ADELMAN
                                  District Judge